IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DAILY CALLER NEWS FOUNDATION,<br>1050 17th Street, N.W., Suite 900,<br>Washington, DC 20036<br><br>              Plaintiff,<br><br>v.<br><br>CONSUMER FINANCIAL<br>PROTECTION BUREAU<br>1700 G Street, N.W.<br>Washington, DC 20220,<br><br>              Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff The Daily Caller News Foundation brings this action against Defendant Consumer Financial Protection Bureau to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff The Daily Caller News Foundation has its principal place of business at 1050 17th Street, N.W., Suite 900, Washington, DC 20036.   Founded in 2011 by Tucker Carlson, a 20-year veteran of print and broadcast media, and Neil Patel, former chief policy adviser to Vice President Dick Cheney, Plaintiff is a 501(c)(3) non-profit providing original

investigative reporting from a team of professional reporters that operates for the public benefit. Plaintiff's website reaches approximately three million unique monthly visitors and its content, which is available without charge to any eligible news publisher, is published by The Daily Caller, Yahoo News, Business Insider and a growing host of other media outlets, reaching a combined audience estimated in excess of 30 million readers.

4. Defendant Consumer Financial Protection Bureau is an agency of the U.S. Government and is headquartered at 1700 G Street, N.W., Washington, DC 20220. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 27, 2015, Plaintiff filed a FOIA request with Defendant seeking access, in part[1], to:

   A. All emails to or from union chapter president Robert Cauldwell between January 1, 2014 to February 27, 2015 that make reference to political parties, elected political figures, congressional committees, congressional testimony and congressional activities including hearings, investigatory activities or subpoenas; and

   B. All emails sent to or received from Bureau employee and active union member Anthony Ramono between January 1, 2014 to February 27, 2015 that make reference to political parties, elected political figures, congressional committees, congressional testimony and congressional activities including hearings, investigatory activities or subpoenas.

6. On March 19, 2015, Plaintiff narrowed the request by providing Defendant with a list of 27 specific terms to be searched.

7. By letter dated April 8, 2015 Defendant informed Plaintiff of its final determination. Defendant stated:

---

[1] The FOIA request consisted of five parts. Only parts one and five of the request are at issue in this lawsuit.

>After further review of items 1 and 5 of your FOIA request and the fact that they produced several thousand potentially responsive records, we determined that these items are too broad in scope or did not specifically identify the records in which you are seeking.   Records must be described in reasonably sufficient detail to enable government employees who are familiar with the subject area to locate records without placing an unreasonable burden upon the agency.   For this reason, §1070.14 of the CFPB regulations (12 C.F.R. Part 1070) require that you describe the records you are seeking with as much information as possible to ensure that our search can locate them with a reasonable amount of effort. Whenever possible, a request should include specific information about each record sought, such as the date, title or name, author, recipients, and subject matter of the records, if known, or the CFPB office you believe created and/or controls the record. The FOIA does not require an agency to create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records. You may consider submitting a new FOIA request in the future with specific keywords, phrases, or other details to further clarify these items.

8. By letter dated April 25, 2015, Plaintiff sent a timely administrative appeal of Defendant's final determination.   Specifically, Plaintiff appealed Defendant's determination that the requests were too broad and that they did not specifically identify the records in which Plaintiff was seeking.

9. By letter dated May 21, 2015, Defendant denied Plaintiff's administrative appeal, affirming Defendant's final determination that the requests were insufficiently specific and therefore unreasonably burdensome.

10. Because Defendant has denied Plaintiff's April 25, 2015 administrative appeal, Plaintiff has exhausted all administrative remedies with respect to its February 27, 2015 FOIA request.   5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 15, 2015

Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*